HERMAN RUECKING et al., Respondents, v. JOHN J. McMAHON, Garnishee of MARTIN HELLER, Appellant.

**St. Louis Court of Appeals, November 14, 1899.**

Suit by Attachment: GARNISHMENT AND TRIAL THEREOF: CONTRACT, FINAL. Suit founded on claim for material furnished by respondents to appellant, two counts in petition, trial on both counts by jury, verdict for plaintiff on first count for $659.70, on second count for $409.19: Held, that under the facts and instructions of the court—the finding on the first count was correct, but on the second, it was erroneous. Respondents were not entitled to recover on this count, because section 22 of the specifications does not admit of a claim for extra work, the basis of the cause of action in said count, and appellant's bid was to do the work "according to plan and specifications," which was part of his bid. The cause is therefore reversed and remanded with directions to the lower court to enter up judgment for respondent in the sum of $659.70 with interest from date of judgment on first count, and judgment for appellant on the second count.

Appeal from the St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft,* Judge.

REVERSED AND REMANDED (*with directions*).

Ruecking v. Heller.

*Frank A. C. MacManus* for appellant.

(1) The subcontractor, before he made the bid, knew that the excavator would be obliged to go below the depth mentioned in plans; he knew of the special exception made in sec. 22 of the specifications. He was familiar with the original contract, and he was told by the officer in charge to state in his bid what extra work there was. The court, in submitting the question of extra work to the jury, erred. Vatels Law of Nations, 244; Ellerbe v. Barney, 119 Mo. 632; Goode v. St. Louis, 113 Mo. 257; Johnson Co. v. Wood, 84 Mo. 489. (2) The verdict of the jury is clearly against the weight of the evidence and the preponderance of the testimony shows bias, passion or prejudice on the part of the jury, and should be set aside, and also for the reason that the same does not conform to the proof. Friesz v. Fallon, 24 Mo. App. 439; Empey v. Grand Ave. Cable Co., 45 Mo. App. 422; Whitsett v. Ransom, 79 Mo. 258; Spohn v. Railway, 87 Mo. 74; Bank v. Wood, 124 Mo. 72.

*F. & Ed. L. Gottschalk* for respondents.

The bill for extra work was not denied, but the claim was and is conceded to be for correct amount. The only question was, did the decision of United States government bind Mr. Heller. Mr. McMahon made a claim for it as extra work done by the mason. Neither party knew at the time that extra masonry would be required, but after excavating part they found that the ground was not solid enough. So there could not have been an intention to include this in Heller's bid, and that it was not so included will readily be seen by McMahon's action thereafter, viz: Claiming it from the government as extras.

BLAND, J.—Respondents sued Martin Heller by attachment and garnished appellant John J. McMahon. The at-

tachment suit against Heller went to judgment by default. McMahon's answer to interrogatories was a denial of his indebtedness to Heller. Respondent denied the answer and alleged an indebtedness by the following counts:

"First. That said McMahon heretofore, to wit, in the fall of 1893, employed the said Martin Heller to do the concrete footings, stone foundations, subsoil, drain stone filling, earth filling, underpinning, damp proof course, painting, cement plaster, concrete flooring, for which work said McMahon had contracted, on and about the Jefferson Barracks in St. Louis county, promised and undertook to pay to said Martin Heller, the sum of three thousand dollars ($3,000) therefor. That said Martin Heller commenced to perform the said work and had done the greater part thereof, when said McMahon wrongfully refused to allow him to complete the work thus contracted for; although the said Heller was ready and willing to perform and do it as he had agreed. That the work which he had done, up to the time of said McMahon's refusal to let him finish the same, was reasonably worth the sum of two thousand four hundred and seventy dollars ($2,470), on which said McMahon paid to said M. Heller, to materialmen and others, the sum of one thousand nine hundred and thirty-eight dollars and seventy cents ($1,938.70) in the aggregate; that said McMahon is still indebted, and was at the time of the service of said garnishment process on him, so indebted to said Martin Heller in the sum of five hundred and thirty-one dollars and thirty cents ($531.30). Wherefore they pray judgment against John J. McMahon for $531.30 with interest and costs.

"Second. And for a second cause of action the plaintiffs say that in the fall of 1893, the said McMahon employed the said Martin Heller to do some work at the said Jefferson Barracks, namely: The furnishing of the materials and of doing the work of laying 1,498 cubic feet of concrete, for which he promised to pay whatever the same was reasonably worth.

That said Heller performed said work, and furnished the materials, as he had agreed to do, and the said work and materials were reasonably worth the sum of three hundred and twenty-nine dollars and fifty-six cents ($329.56), which said McMahon still owes to said Heller, and for which he was indebted to said Heller at the time of the service on him, of the garnishment process.

"Wherefore they pray judgment against said John J. McMahon for three hundred twenty-nine dollars and fifty six cents, with interest and costs."

The reply of the garnishee is as follows:

"Now comes John J. McMahon, garnishee herein, and responding to the allegations contained in the amended reply of Herman Ruecking and Frederick Eistrup, deny each and every allegation contained therein.

"And responding further says, that said Martin Heller is at the time indebted to said McMahon in a large sum of money, after said McMahon completed the work as left unfinished and uncompleted by said Martin Heller.

"And responding further says, that the extra work claimed for by Martin Heller in the third paragraph of plaintiff's reply was disallowed by the United States government as extra work, for the reason that the same was a part of the work to be done under section number 22 of the contract. . . . being the same contract and specifications under which the said Martin Heller was doing the work, and being the same contract and specifications that is referred to in the written contract as signed and made by the said Martin Heller with said John J. McMahon. And now having answered, John J. McMahon, asks to go hence and be discharged as garnishee herein, and that he be allowed a reasonable allowance for his attorney fees and services as garnishee herein."

Trial by jury. The facts are, that McMahon had contracted with the United States to do certain foundation stone and concrete work for a two-company barracks at Jefferson

Barracks, Missouri, according to certain plans and specifications. He advertised to sublet this work, and on September 15, 1893, received from Heller the following bid:

"I, the undersigned, agree to do the following work at Jefferson Barracks, Mo.: Subsoil drain, concrete footing, rubble masonry, water table and floor, concrete wall plaster, according to plan and specifications, for the sum of $3,000.

Yours very respectfully,

"Martin Heller."

This bid was accepted by McMahon, and Heller proceeded to do the work. In excavating for a foundation it was discovered that at one corner it was necessary to go some ten or twelve feet below the line called for by plan and specifications to get a secure foundation, and the following extra work was done by Heller as measured by the engineer in charge, to wit:

| | |
|---|---:|
| 1,498 cubic feet 55 13-67 yds clay | $ 41.65 |
| 1,498 cubic feet concrete | 329.56 |
| 16 pieces 2x12-16 braces—412 | 12.36 |
| 16 pieces 3x4-16 braces—64 | 1.92 |
| Carpenter's work one day | 4.00 |
| | $389.49 |

McMahon made an effort to get pay for this extra work, but it was refused by the government officers in charge on the claim that section 22 of the specifications cut off any claim for extra work on foundation. This section reads as follows: "Excavate the ground as required by the site and drawings for all footings, piers, cellars, areas, subsoil drains, etc., to the depth figured or shown on drawings, or to such a depth as will provide absolute security against danger from frost or insecure foundations. This must be done irrespective of depth shown by drawings or figures, and without extra charge to the government. * * *" Heller so far constructed the cellar and foundation walls as to make them ready for the joist, at

which part he claimed that he could not proceed further, until the brick work was done, and without notice to McMahon left the state. McMahon claimed that Heller's contract required him to fill in the space between the joists with stone ready for the brick. Heller on the other hand claimed that the specifications required these spaces to be filled with brick. After Heller left McMahon testified that he paid $100 for stone work to finish the walls ready for the brick; that the value of concrete under piers was $15; pointing, $70; concreting of cellar, $480; sand for same, $230; that he paid $8 for repairing subsoil drain; $296 for curbstone; $20 for scaffolding; $20.04 to respondent on Heller's order, and $80.75 to workmen on Heller's orders, and $1,500 to Heller. Heller returned in February, 1894, before the walls were pointed and before the concrete work was done on the cellar, and offered to do this work under his contract, but was told by McMahon that he had abandoned his contract and that he would have nothing more to do with him. There was evidence tending to show that the work which McMahon had done (embraced in Heller's contract), was not worth what he claimed and testified it was worth. Evidence was offered tending to prove that the work done by Heller, exclusive of the extra work, was worth from $2,500 to $2,600; that there was due to respondents for the rock which went into the walls $783.30, the amount sued for in the attachment suit. There was also evidence that McMahon when he was summoned as garnishee stated that he had enough in his hands due to Heller to pay for all the rock furnished by respondents.

We discover no error in the instruction given by the court on the first count of respondents' denial of the answer of the garnishee. It fairly submitted the issues raised by this count and correctly directed the jury as to respondents' measure of damages, if any. But we can not approve of the instruction on the second count. Respondents were not entitled to recover on this count. Section 22 of the specifications does not

admit of a claim for the extra work charged in this count. Heller's bid was to do the work "according to plan and specifications;" the plan and specifications by this bid (when accepted), became as much a part of his bid and contract as if they had been written bodily in his bid or proposition to do the work, and it was the duty of the court to have construed the contract and to have told the jury that no recovery under the contract could be had on the second count. We discover no prejudicial error in the admission of evidence, to which a timely exception was taken. The jury found for plaintiff $659.70 on the first count, and $409.19 on the second count. This judgment can not stand as rendered, and is reversed and remanded, with directions to the lower court to enter up judgment in conformity with this opinion; that is for $659.70, with interest from date of judgment on the first count, and for defendant on the second count.